**United States District Court**
**Central District of California**
**\*\*AMENDED\*\***

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.   **CR06-299-SVW** |
| **Defendant**   Haroutyun Gulderyan | Social Security No.   9   0   4   8 |
| akas:  Haroutyun Harry Gulderyan; Harry Gulderyan; Hroutyun Harry Gulderyan; Arutyan Gyulderyan; Arutyun Gyulderyan | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 03 | 09 | 2009 |

**COUNSEL**   [X] WITH COUNSEL   Richard Marmaro & Matthew D. Umhofer (retained)
(Name of Counsel)

**PLEA**   [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a finding/verdict of  [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
**Conspiracy to Commit Health Care Fraud in violation of 18 USC 371 as charged in Count 1, and Subscribing to a False Tax Return in violation of 26 USC 7206(1) as charged in Count 2 of the Fourth Superseding Information**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **TWENTY-FOUR (24) MONTHS**

This term consists of 24 months on Count 1, and 24 months on Count 2, to be served concurrently to each other.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of  3 years. This term consists of 3 years on Count 1 and 1 year on Count 2, all such terms to run concurrently and under the following terms and conditions:

1. As a condition of supervised release, the defendant shall participate for a period of twelve (12) months in a home detention program which includes electronic monitoring and shall observe all rules of such program, as directed by the Probation Officer;

2. The defendant shall comply with General Order No. 01-05;

3. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

4. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

5. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

6. The defendant shall truthfully and timely file and pay taxes owed for the years of conviction; and shall truthfully and timely file and pay taxes during the period of community supervision.  Further, the defendant shall show proof to the Probation Officer of compliance with this order;

USA vs.   Haroutyun Gulderyan                              Docket No.:   CR06-299-SVW

    7.    The defendant shall, immediately upon commencement of community supervision, show proof of having disposed of all firearms in his possession and specifically the Beretta 9 mm, semi-automatic pistol, serial No. BER311110;

    8.    The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving Medicare or other health care programs, without the express approval of the Probation Officer prior to engagement in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

    9.    The defendant shall not engage, directly or indirectly, whether as an owner, partner, shareholder, officer, director, employee, contractor, agent, or consultant, officially or unofficially, in the following businesses: Any business submitting claims for reimbursements to the Medicare or Medicaid health care benefit programs, or to private health insurance programs, for any good or services ("health care benefits program provider"); and any business supplying any goods or services, directly or indirectly, to any health care benefits program provider, including but not limited to referral, supervisory, advisory, consulting, management, staffing, billing, logistical, and financial services, and medical, diagnostic, and clinical laboratory services, and medical, diagnostic, and clinical laboratory services, supplies, and equipment; and

    10.    The defendant shall not possess personal identification numbers (including social security numbers, medical insurance identification numbers, and medical provider enrollment identification numbers) belonging to persons other tan defendant, his spouse, his dependents, or others with a close familial relationship to him, except as approved in advance and in writing by defendant's supervising Pretrial Services Officer or United States Probation Officer.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, May 8, 2009. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

    Roybal Federal Building
    255 East Temple Street
    Los Angeles, California 90012

The Court orders the forfeiture as outlined in the government's ex parte application.

It is ordered that the defendant shall pay restitution in the total amount of $11,011,523 pursuant to 18 U.S.C. § 3663, to the victims as set forth in a separate victim list prepared by the probation office which this court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $250 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall be held jointly and severally liable with co-participants, Konstantin Grigoryan; Mayya Grigoryan; Eduard Gershelis; and Alexsandr Treynker; for the amount of restitution ordered in this judgment.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately to the Clerk of the Court.

The Court makes the following recommendations to the Bureau of Prisons:

| | | | |
|---|---|---|---|
| USA vs. | Haroutyun Gulderyan | Docket No.: | CR06-299-SVW |

1. That defendant be designated to the Camp in Lompoc;
2. That defendant, if eligible, be allowed to participate in the facilities' drug/alcohol rehabilitation program.

In the interest of justice, the Court grants the government's motion to dismiss the underlying Indictment.

Bond is exonerated upon self-surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| March 18, 2009 | _[signature]_ |
|---|---|
| Date | STEPHEN V. WILSON, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| March 18, 2009 | By | /s/ |
|---|---|---|
| Filed Date | | Paul M. Cruz, Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs. Haroutyun Gulderyan          Docket No.:   CR06-299-SVW

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

| | | | |
|---|---|---|---|
| USA vs. | Haroutyun Gulderyan | Docket No.: | CR06-299-SVW |

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date / Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date / Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
Defendant / Date

_____
U. S. Probation Officer/Designated Witness / Date